Campbell, J.:
Rogers sued and recovered judgment against Curran & Tripp, for the non-fulfillment of a contract, whereby they were claimed to have agreed to purchase a parcel of timber land. The contract in writing which was sued on provided in the first place for the sale of the timber, separately, at the price of two thousand dollars, and for the refusal of the land for five months at fifteen hundred dollars.
The contract was signed in the name of the firm of Curran & Tripp, who were partners in the lumbering business. Tripp signed it, and Curran was present, bargaining and assenting. Within the five months Rogers was notified in *writing of the conclusion to purchase the land. This notice was given in the firm name, signed by Tripp, and was that “Curran and I have concluded to buy that land *213 as stated in contract. We were to decide before the 20th of April, 1878.” Curran & Tripp took possession and exercised and asserted ownership beyond what related to the timber first purchased. Curran now seeks to avoid the contract as invalid.
The objection that Tripp was not authorized to act for both is not open on this record. The general issue was pleaded without any affidavit, and thus admitted the execution of the papers, which were set out verbatim and alleged to have been jointly executed. The undisputed evidence showed Curran to have been as active as Tripp in performing acts of ownership, as well as in making the bargain, and the effect of the rule which requires an affidavit to open the question of execution is evidently just in this case.
The written contract originally made was in itself a complete bargain, subject only to an act of election. It does not declare in what way the election shall be signified, and whether by writing or by assuming possession can make no difference. The vendor had bound himself by writing, so as to conform to the statute. Whether the written election was or was not clear in describing the property or contract, the assumption of possession and performance of acts of ownership distinct from the use of the timber were unequivocal, and sufficient to operate as an irrevocable election. But we do not intimate that for such a purpose the writing was not adequate.
The vendor tendered in season a proper warranty deed. It was insisted on the trial that the title was not such a clear and marketable one as the law requires.
So far as mortgages are concerned, we think that evidence of the payment of such as were outstanding was sufficient. Mortgagees in this state have no right of possession, and can only enforce their claims through foreclosure. Until the property is sold on a foreclosure beyond redemption, *there is no right of entry. Proof of j)ayment, therefore, is proof that there is no encumbrance, and it would be going beyond reason to allow the non-release of record to stand as evidence of a bad title.
It is questionable whether the time allowed in this contract *214 for election should not be regarded as designed, as it was certainly adapted, to enable the defendants ,to inquire concerning such matters as were reasonably open to inquiry. It would be natural, at least, for persons so situated to use the interval for that purpose.
The testimony concerning the.litigation in the United States court concerning this title was rightly disregarded. The suit was between different parties, and while these lands happened to be included in the large number of parcels there involved, no attempt was made to attack the title owned by Rogers. Probably the persons who in that case desired to avoid certain conveyances as fraudulent, understood that property which had gone into the hands of innocent third persons could not be reached. But however this may be, they did not implead the holder of this title, and if there was any thing in the facts assumed in their bill which could affect it, those facts should have been proven here. Titles cannot be encumbered by assertions of third persons, and a litigation purely between third persons is no more than any other assertion.
It is also insisted that Rogers did not tender a conveyance within a reasonable time. It is enough to say that there had been no attempt to rescind on the other side, and until some such attempt was made, time was not made essential. No such reason was given when the deed was tendered, and if it had been it could have been of no service so long as the purchasers retained general control of the land.
The plaintiff below recovered the price of the land as damages. This he was clearly entitled to. He had sold it for a given sum, and the equitable title to the land had become vested in the purchasers, who became liable for *payment of the purchase money. He is entitled to recover precisely what they agreed to pay, so long as he was ready and willing to carry out his own part of the bargain. He cannot be compelled to take the land back, and he has a right to insist on their retaining it, which a court of equity could in any case, and would in a case where they remain, in possession, enforce specifically by compelling payment. *215 There is no reason for denying him the same right in a court of law, of compelling defendants to do as they agreed.
There is no error in the record, and the judgment must be affirmed, with costs.
The other justices concurred.