[Filed November 16, 1885.]

# W. S. POWELL *v.* DAYTON, SHERIDAN & GRANDE RONDE R. R. CO.

VENDOR AND VENDEE—CONTRACT OF SALE—DESTRUCTION OF PROPERTY.—In every contract for the conveyance of property there is an implied condition that the subject-matter of the contract shall be in existence when the time for performance arrives. If it has then ceased to exist, each party is discharged from the contract.

COVENANTS—BREACH OF—PERFORMANCE.—Covenants are dependent and concurrent when the act of each party is to be done at the same time. In such case the party alleging a breach must aver a tender of performance on his part at the stipulated time.

YAMHILL COUNTY.    Defendant appeals.    Reversed.

The facts are stated in the opinion.

*E. C. Bronaugh*, for Appellant.

*James K. Kelly*, for Respondent.

WALDO, C. J.—This is an action brought by the vendor of real estate against the vendee for breach of a written contract to purchase the estate.

1. On the 1st day of July, 1878, the plaintiff leased the premises to the defendant for the term of five years, at the monthly rental of fifty-five dollars, and the lease contained the further provision, and the defendant agreed "to purchase of said Powell, and pay the said Powell, on or before the expiration of the said term of five years, the sum of $5,500 in United States gold coin, for all the said warehouse property," etc. The plaintiff alleges that he made out and tendered a deed to the defendant on the 10th day of November, 1883, and assuming thereby to have performed all conditions precedent on his part, claimed the entire purchase price. There is good authority for the position that in an action at law the vendor of real estate may recover the contract price if he shall make out and tender a deed at the proper time, and, it should seem, keep the tender good by bringing the deed into court. (1 Sedgw. Dam. 386, *et seq.; Curran* v. *Rogers*, 35 Mich. 221.)

Counsel for plaintiff did not urge the point, however, at the trial, and made no objection to the direction of the court to the jury, to the effect that the loss of the bargain was the measure of damages. The court also directed the jury that the washing away of the warehouse before the time for the performance of the contract had arrived did not affect the plaintiff's right to recover, unless the loss happened through the plaintiff's negligence. These instructions are alleged as error. The defendant's counsel do not seem to have taken the position in the court below, that the destruction of the warehouse determined the contract. That, however, is the position here, and must be considered.

In every contract for the conveyance of property, there is an implied condition that the subject-matter of the contract shall be in existence when the time for the performance of the contract arrives. That is the contract, the understanding of the parties. If it has ceased to exist when that time arrives, each party is discharged from his contract, the vendor from his contract to convey, the vendee from paying the purchase price. Hence the rule: "When property, real or personal, is destroyed by fire, the loss falls on the person who is the owner at the time; and if the owner of the house and land agrees to sell and convey it upon the payment of a certain price, which the purchaser agrees to pay, and before full payment the house is destroyed by accidental fire, so that the vendor cannot perform the agreement on his part, he cannot recover or retain any part of the purchase money." (*Wells* v. *Calnan,* 107 Mass. 514; *Gould* v. *Murch,* 70 Me. 288; *Thompson* v. *Gould,* 20 Pick. 134; *Taylor* v. *Caldwell,* 3 Best & Smith, 826; *Appleby* v. *Myers,* Law R. 2 Com. P. 651; *Dexter* v. *Norton,* 47 N. Y. 62; *Brumby & Smith,* 3 Ala. 123, cited by counsel in *Appleby* v. *Myers, supra.*

Several cases in equity were cited by the plaintiff's counsel to show that the defendants were the equitable owners at the time of the loss. Under the terms of the contract this is very doubtful; but if it were true, it would make no difference here, unless such an estate were recognized at law, which it is not.

2. The covenants in an agreement are dependent and concurrent where the act of each party is to be done at the same

time. A mere readiness to perform at such time is not sufficient, but the plaintiff must aver a tender of performance on his part. (*Williams* v. *Healey*, 3 Denio, 367; *Johnson* v. *Wygant*, 11 Wend. 49; *Green* v. *Reynolds*, 2 Johns. 207; *Adams* v. *Williams*, 2 Watts & S. 228.) The plaintiff has, indeed, made a tender of a deed, but not until long after the time fixed by the parties for the performance of the contract. The breach on the part of the defendant, if any, should have occurred at that time. The plaintiff has not the power to keep the contract open, and to tender a deed months after the 1st day of July, 1883, and then allege a breach as arising at the time of the tender. This would be to alter the terms of the contract. (Thompson, J., *Bank of Columbia* v. *Hagner*, 1 Peters, 465.)

This point was made on the part of the defendant at the argument, though it seems to have been overlooked at the trial. As it must be fatal if the case comes again before the Circuit Court, it will be useless to direct a new trial.

Judgment reversed.

Thayer, J.—I concur in the opinion delivered in this case, that the respondent cannot recover unless the destruction of the warehouse was occasioned by the act or neglect of the appellant. I believe that it is supported by reason and authority, although I was slow in arriving at that conclusion.

As to the question of construction of the contract of May 24, 1878, I am unable to concur in the view the majority of the court have expressed. When the case was argued, I was inclined to the opinion that the payment of the purchase price for the premises and the execution of the deed were intended to be concurrent acts, but upon more mature reflection, I have concluded that the appellant was obligated to pay the purchase money absolutely, at all events, unless the respondent by some act on his part prevented it. I am satisfied that the latter is not required to execute the deed until the appellant pays the money. By the terms of the contract, the respondent agreed to lease to the appellant the premises for five years, commencing on the 1st day of July, 1878, in consideration of which the appellant

agreed to pay the respondent for the rent and use thereof the sum of fifty-five dollars per month; and further agreed to purchase them of the respondent, and to pay him therefor on or before the expiration of said term the sum of $5,500. The respondent agreed that upon such payment being made, he would make and deliver to the appellant a good and sufficient deed to the premises in fee-simple. In pursuance of that contract the appellant entered upon and enjoyed the use and occupation of the premises during the term of said lease and agreement.

It is conceded by the authorities that covenants are to be construed to be either dependent or independent, according to the intention and meaning of the parties and the good sense of the case, and that technical words should give way to such intention. In the note to the somewhat ancient case of *Pordage* v. *Cole*, 1 Saund. 320, certain rules are laid down by which such intention may be ascertained and discovered; and they have been so often recognized and approved by the courts that they have become maxims in the law. Among said rules is the following: "3. Where a covenant goes only to a part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant without averring performance in the declaration."

The contract between the parties in this case included the leasing as well as the purchase of the premises. The leasing for a term of five years constituted a material part of the consideration. The agreement to purchase was evidently the inducement to lease. The appellant says, by the contract, in effect, that if the respondent will lease the premises to the appellant for the term of five years, at the monthly rent of fifty-five dollars, the appellant will, on or before the expiration of that time, pay to the respondent $5,500 therefor. The former, after enjoying that privilege, had no alternative but to pay the purchase price and look to the latter for the deed. The appellant had the right to pay the purchase money at any time extending through a period of five years, and it would be absurd to require the respondent to have had a deed prepared ready to deliver

during all that time. It may be claimed that the rent was an equivalent for the use of the premises; but I do not know that. If the stipulation in the contract to purchase the premises had not been included in it, the respondent might not have been willing to rent for fifty-five dollars a month, or at all.

I understand the meaning of the rule I have recited to be, that where a contract embraces two subjects, and it has been performed as to one of them, and the party has a remedy for the breach of the performance of the other, the covenants as to that are not dependent unless made so by express words or necessary implication. The payment of the money for the premises would naturally precede the execution of the deed, and after the appellant had enjoyed the benefit of a part of the contract, its obligation to perform the other part became absolute.

I am of the opinion that this case comes within the reason of said rule. I think it would be unjust to allow said appellant to enjoy the part of the contract, and not pay the purchase price of the premises as it stipulated to do, because the respondent did not come forward in advance of such payment and tender a deed. Under the circumstances of the case, I do not believe that the respondent's obligation to tender a deed would arise until after payment of the money.