IN THE

# SUPREME COURT OF NEBRASKA.

## JULY TERM, A.D. 1888.

---

PRESENT:

HON. M. B. REESE, CHIEF JUSTICE.
" AMASA COBB,       } JUDGES.
" SAMUEL MAXWELL,  }

---

D. C. KINNEY AND J. F. KINNEY, PLAINTIFFS IN ERROR, v. C. W. HICKOX, DEFENDANT IN ERROR.

1. **Real Estate:** CONTRACT: CONDITIONAL SALE. Where the owner of real estate in the state of Wisconsin entered into a contract with an attorney of the owners of certain mill property in this state, and there was testimony tending to show that the deeds for the property were to be exchanged at the same time, the purchaser of the mill to take it subject to certain incumbrances, and the Wisconsin land to be transferred subject to an incumbrance, the purchaser of the mill tendered his deed and abstract of the Wisconsin land, but there was a delay in complying with the contract on the part of the mill owners, the mill in the meantime being destroyed by fire; *Held,* That under the testimony the court was justified in finding a conditional sale, and in consequence of the destruction of the mill the court would not enforce the contract.

[ 167 ]

2. **Practice in Supreme Court:** SERVICE OF SUMMONS IN ERROR. Service of a summons in error upon the attorney of record who tried the case below will be sufficient, although such attorney may not appear in the case in the supreme court.

ERROR to the district court for Lancaster county. Tried below before HAYWARD, J.

*John S. Gregory,* for plaintiffs in error.

No appearance for defendant in error.

MAXWELL, J.

This action was brought in the district court of Lancaster county, by the plaintiffs against the defendant, to specifically enforce a contract. On the trial the court found the issues in favor of the defendant, and dismissed the action. The plaintiffs appeal.

The following is a copy of the agreement: "Contract, made this 4th day of June, A.D. 1885, between D. C. and J. F. Kinney, of the city of Chicago, Illinois, and Charles W. Hickox, of Firth, Nebraska, as follows: "The said Kinneys agree to sell and convey to said Charles W. Hickox the property known as the 'Firth Mill,' with the lands and property thereunto belonging, and upon which said mill is situated, subject to the payment of the mortgage foreclosed at the February term of the district court, amounting to about $2,250, and taxes of the year 1885. An abstract of title of the lot upon which said mill is situated shall be furnished by said Kinney, and warranty deed, subject only to said mortgage and tax of 1885, shall be furnished and delivered within sixty days from the time deed shall be furnished by said Hickox, as follows: Said Hickox shall convey by warranty deed to said Kinneys, or as they direct, the following land: N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, Sec. 32, town 13, range 2, and W. $\frac{1}{2}$ of S.

E. ¼, Sec. 32, town 13, range 2, Vernon county, and 40 acres of land now owned by said Hickox, situated ¼ mile south-east of said tract, in Richland county, all in Wisconsin, subject to payment of mortgage of $500, and taxes of 1885. Abstract of title and deed to be furnished within 90 days from this date. Upon said 140 acres of land it is represented that there are two dwelling-houses, one barn, 100 acres (about) in cultivation and under fences, and market value of said land $4,000, all good land, and that portion not in cultivation is good timber, possession of said mill to be delivered to said Hickox immediately.

"D. C. & J. F. KINNEY,

"By J. S. Gregory, their attorney and agent.

"C. W. HICKOX."

The second count of the answer contains the principal defense relied on, in which the "defendant admits that he signed the contract, a copy of which is set out in plaintiff's petition, but alleges the fact to be, said contract is not the contract as talked over and understood by the parties thereto; that the agreement of said parties was to the effect that the deeds to the property therein described should be delivered at the same time, but that this defendant should have ninety days to get his abstract, etc., of his land, but that nothing was talked over or agreed upon to the effect that the plaintiffs were to have sixty days to furnish and deliver abstract and warranty deed of said mill property from the time deed was to be furnished and delivered by this defendant to them; that this defendant is getting along in years, not being able to read writing very well without his glasses, and the day said contract was signed he left his glasses at home, said contract being signed in the office of said J. S. Gregory, and he asked said Gregory before signing the same to read it over to him, as he was not represented by any attorney, or in fact by any one except himself; that said Gregory, who is a practicing

attorney at law, in order to conceal from defendant the
true terms of said contract, and to impose upon and de-
fraud him, did not read that part of the paragraph in said
contract which recites, 'shall be furnished and delivered
within sixty days of the time deed shall be furnished by
said Hickox,' but only read down to said clause; that this
defendant did not read over his copy of said contract, or
know of said clause being therein, until long after it was
executed, and in fact not until after the mill property
which is described in said contract had burned, which
was sometime in September, 1885; that when his atten-
tion was challenged to said clause he told said Gregory,
the agent and attorney of the plaintiffs, that that was not
the agreement, and that so much of said contract had never
been read to him or agreed to by him, and that neither
party had acted upon any such a clause, but that both
parties, after the execution of the contract, had acted
throughout on the theory that the deeds should be passed
at the same time, as was the parol agreement.

"And defendant declares that he did not read said agree-
ment himself, but relying wholly on the statements and
reading of said Gregory, and being deceived by the same,
he signed the said paper, and that he would not have
signed the same had said clause been read to him, and
that he so signed upon the full faith and understanding
that the deeds should be exchanged at the same time, as
was agreed upon by said verbal contract; that under and
in pursuance of the contract between the parties hereto,
except that portion above noted, which was and is in fact
no part thereof, this plaintiff sent for and received abstracts
of title to his land described in said contract, and sub-
mitted the same to said Gregory, as the agent of said
plaintiffs, who said the same were all right and accepta-
ble; that after said abstracts were received by the defend-
ant, which was probably fifteen or twenty days after the
date of said contract, this defendant stood ready, willing,

and eager, at any and all times, to deliver to said Kinneys or their agent a good and sufficient warranty deed to said lands, as per terms of said contract, up to the time of the burning of said mill, and is yet, if plaintiffs will rebuild said mill, and convey it and the lot to defendant as by the contract. They agreed to and repeatedly insisted upon the making of the exchange of properties, and in fact came to Lincoln two or three times for that express purpose, and particularly on the 20th of September, 1885, but that the said plaintiffs could not or would not clear up the liens and incumbrances against said mill property, and that defendant would not accept a deed until they were, with the exception of the mortgage and taxes mentioned in said contract; that defendant was particularly anxious to pass the deeds, so that he might get the mill insured, as he was told by the insurance agent, Mr. Mockett, that he could perfect no insurance until the title was fixed up and straightened out, and because of plaintiffs' said neglect, inability, and delay in removing the said liens on said mill property, thus preventing an exchange of deeds, defendant, not being the owner of the same, could effect no insurance thereon. Defendant denies that plaintiffs have performed all the conditions of said agreement on their part, or in fact any one of them, and denies particularly that on the ——— day of December, 1885, or at any other time, they tendered to the defendant a good and sufficient warranty deed of said premises, and avers that they never even furnished or showed him a complete abstract to the mill property; that among the liens and incumbrances which plaintiffs could or would not remove were the following:

"1. Taxes for the year 1883, in the sum of $53.55 and interest.

"2. Taxes for the year 1884, in the sum of $57.20 and interest.

"3. A judgment of $730 against Earle A. Kilbourne,

et al., in the district court of Lancaster county, rendered June 5th, 1882, and interest thereon, in. favor of Wm. Young & Co.

"4.   A mechanic's lien against said property filed June, 1885, in favor of one James Payne, and for $80 or thereabouts.

"5.   A mechanic's lien against said property, filed May 1, 1885, in favor of one W. E. Miller, and for $339 or thereabouts."

In his testimony, Mr. Gregory swears that he read the entire contract to the defendant, while the defendant testifies that he (Gregory) "just read it ninety days from the time this was made to get the papers around.   He never read that out about the sixty days to me at all."   He also testifies that he relied upon this reading as being correct.

Whatever the actual facts may be about the reading of the entire contract, neither witness being corroborated, it is impossible for this court to hold that the court below erred in giving credence to the testimony of the defendant over that of the witness for the plaintiffs.   There is no denial of the existence of the judgment of $730.55 against Kilbourne, or the mechanics' liens for $80 and $339, against the property, nor of the taxes due for 1883 and 1884.   As we understand the contract, the judgment and mechanics' liens and taxes were to be satisfied before the transfer of the title to the defendant, while the plaintiffs were to be satisfied that the title, etc., of the Wisconsin land was good.   If the defendant's testimony is to be believed, the deeds were to be exchanged at the same time, and the contract in fact to remain conditional until the time of such exchange of deeds.   The testimony shows that the defendant endeavored to insure the mill, but that he was unable to do so, because of the condition of the title. So far as appears, the plaintiffs had carried no insurance upon the property.   The lot is shown to be of very little

value apart from the mill, and the old machinery, including the boiler and the engine, worth but a few hundred dollars.

The testimony shows that the defendant was to assume the mortgage debt for about $2,250, and the taxes for 1885. The other incumbrances, however, were to be paid by the plaintiffs. If they failed to pay such liens, the defendant could not be compelled to take the property. The sale, so far as appears, was conditional that the plaintiffs would remove these incumbrances on their part. Until that was done they were not in a condition to convey to the defendant, nor to enforce the contract against him; and the mill property remained theirs until the condition was fulfilled, and if loss occurred in the meantime, it must be borne by the plaintiffs. They have not even yet satisfied these liens. In the plaintiff's brief it is said the liens are satisfied, because the property was sold under the decree and a deed made to an attorney in Lincoln, who is now ready to convey to the defendant. But this is not a compliance with the contract, either with its terms or of the character of the property to be conveyed, and is insufficient. The question of the defendant's possession does not seem to affect the case, or give the plaintiffs any additional rights, as it did not waive the performance by the plaintiffs of the conditions of the contract. Having wholly failed to perform, they cannot recover.

The attorneys for the defendant do not appear in the court, and it has been suggested that the summons in error has not been properly served, and therefore the court has no jurisdiction. Under section 584 of the code, the summons in error may be served on the attorney of record in the original case and it will be sufficient. Where, therefore, an attorney has tried a case in the district court as an attorney of record, service may be made upon him, and it will be sufficient even if such attorney does not appear to contest the case in the supreme court. The ser-

vice, therefore, was sufficient.     The judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.