Argued March 12, reversed and suit dismissed March 26, rehearing denied May 14, 1918.

## ELMORE *v.* STEPHENS–RUSSELL CO.
### (171 Pac. 763.)

**Estoppel—Estoppel in Pais—Evidence—Sufficiency.**

1. In suit for specific performance of contract to purchase land, evidence *held* insufficient to support plea of estoppel *in pais* against defendant to refuse performance.

**Specific Performance—Right to Remedy.**

2. Where plaintiff's intestate contracted to convey land to defendant, which was chiefly valuable for its timber, which was destroyed by forest fire, no payments having been made on the price, and defendant never having had possession, plaintiff, as administrator, could not have specific performance of the contract.

> [As to change in value of land as warranting court in refusing specific performance of contract for its sale, see note in **Ann. Cas.** 1912C, 559.]

From Linn: WILLIAM GALLOWAY, Judge.

Department 1.

This is a suit to compel the specific performance of a contract to purchase land. Plaintiffs are the administrator and the heirs at law of H. B. Moyer, deceased. The substance of the complaint is to the effect that on August 9, 1907, H. B. Moyer and the defendant corporation entered into a written contract as follows:

"For and in consideration of the sum of One Dollar ($1.00) to me in hand paid by the Stephens-Russell Company, a corporation, I hereby covenant and agree to sell and convey unto said Stephens-Russell Company all of the S. ½ of S. E. ¼ of section 31 and S. E. ¼ of Sec. 32, T. 14 S., R. 1 East, W. M., containing 240 acres, situated in the county of Linn and State of Oregon, for the sum of Eight Thousand Five Hundred Dollars ($8,500.00) as soon as the title to said property can be perfected and all liens and encumbrances against same cleared away, and upon same being so cleared away I hereby agree to make, execute, acknowledge and deliver to said Stephens-Russell Company a good and sufficient deed containing general covenants of warranty and convey said property to said Stephens-Russell Company free from encumbrances.

"In Witness whereof I have hereunto set my hand and seal this ninth day of August, A. D. 1907.

"H. B. MOYER.   (Seal)

"The Stephens-Russell Company accepts same upon said terms and conditions.

"Dated Portland, Oregon, August 9, 1907.

"STEPHENS-RUSSELL COMPANY,
"By C. S. RUSSELL, Agent."

That all the conditions of the contract were fully performed by Moyer prior to his death, which occurred on March 11, 1913, and said Moyer was at all times thereafter and until his death ready, able and willing to convey said lands by a good and sufficient deed in all respects complying with the contract to the defendant; and that plaintiff Hazel Moyer was at all times

ready, able and willing to execute the deed as the wife
of Moyer. The death of Moyer, the appointment of
the administrator and other formal facts are recited.
It is then averred that on March 29, 1915, plaintiff
Elmore as administrator obtained an order of the pro-
bate court authorizing and directing him to execute
a deed and to fully comply with the terms of the con-
tract; that such deed was duly executed by all the
plaintiffs and tendered to defendant accompanied with
the requisite revenue stamps; and that defendant re-
fused to accept the same or to perform its part of the
contract, and the prayer is for specific performance.

Defendant answered with certain admissions and de-
nials followed by affirmative defenses to the effect that
in the interval between the execution of the contract
and the death of Moyer, no effort was made by Moyer
to free the land from encumbrances nor any steps
taken to comply with the contract. It is then alleged
that the suit is barred by the statute of limitations;
that while a nominal consideration is recited in the
contract none was ever paid; that defendant was not
entitled to possession of the premises and never had
possession of any part thereof; that the lands at the
time of the execution of the contract were chiefly val-
uable for the timber growing thereon and that such
timber was the sole inducement for the agreement to
purchase; that in the year 1910 a forest fire swept
over the land destroying and fire killing the timber
thereon, leaving it of very little value, and that thereby
plaintiffs are prevented from complying with the con-
tract; that plaintiffs' title to the land has at all times
been insufficient in the following particulars: (a) That
the land was a part of a federal grant to the Oregon
& California R. R. Company under the terms of an
act of Congress which required sales thereof to be

limited to actual settlers and not more than 160 acres to any one person, and for a price not to exceed $2.50 per acre; that in the present instance the land had been purchased by Moyer and another in tracts exceeding 160 acres to the person; and that the conveyance being in violation of the statute did not convey a good title; (b) that the conveyance from the Oregon & California R. R. Company to Moyer reserved a strip of land 100 feet wide to be used by the grantor as a right of way and for other purposes, and the right to all waters needed for operating said railroad, reserving therefrom all mineral lands therein other than coal and iron, and requiring the grantee to erect and maintain upon the boundary line between said lands and the aforementioned right of way a substantial fence sufficient to turn stock, and that such covenants and conditions are still in force and effect; (c) that a part of said land was patented to Lewis Champeau; that later there was a mesne conveyance thereof executed by Lewis Campeau; that the records contain no conveyance executed in the name of the patentee; and that there is no evidence in the records disclosing the marital status of Louis Campeau. Other minor defects are mentioned and it is then alleged that plaintiffs and their predecessor in interest never possessed a good and sufficient title to the land and were at all times unable to comply with their obligations under the contract.

After general denials of the affirmative defenses, the reply pleads *estoppel in pais* as follows:

That the forest fire mentioned in the answer occurred in 1910, and that thereafter, at a time when defendant knew all about the fire and its effect upon the property, H. B. Moyer called upon defendant and asked to be relieved from the contract for the reason

that he then had an opportunity to sell the lands at a better price than that specified in the contract but that defendant refused his request; that Moyer then offered to execute a deed and comply with the terms of the contract but defendant refused the offer, assigning as its only reason that it was without the necessary funds, but would make payment at a later date; that shortly thereafter Moyer died and later the plaintiff Elmore demanded a settlement and payment of the purchase price and received a similar reply, but nothing was said about the fire. It is then alleged that defendant is estopped from urging the reservations in the conveyance from the Oregon & California R. R. Company for the reason that during the year 1912, H. B. Moyer called upon defendant and asked to be relieved from the contract because he had an opportunity to sell the lands at a better figure than the contract price; but defendant denied the request making no objection to the title, saying that it was without money to make the payment, but would do so later. It is then alleged that at the time when this contract was executed and, as a part of the same transaction, defendant purchased from H. B. Moyer and paid for other lands which were bought by Moyer from the Oregon & California R. R. Company under like conditions, and the deeds thereto were accepted by defendant without objection. These are substantially the issues.

A trial being had, there was a decree for plaintiff from which defendant appeals.

REVERSED.   SUIT DISMISSED.

For appellant there was a brief over the names of *Mr. T. H. Ward* and *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. Malcolm H. Clark.*

For respondents there was a brief over the names of *Mr. Amor A. Tussing* and *Messrs. Weatherford & Weatherford,* with an oral argument by *Mr. James K. Weatherford.*

BENSON, J.—It will be observed that the pleadings involve a number of questions, but we deem it necessary to consider but one and that is the plea of estoppel based upon the allegations that after the destruction of the timber by the forest fire in the year 1910, H. B. Moyer went to the defendant and asked to be released from the contract, for the reason that he had a purchaser who was ready to pay a better price for the land, and that his request was refused. The evidence upon which plaintiffs rely to sustain this contention consists of the testimony of Mrs. H. B. Moyer to the effect that shortly after the forest fire in 1910 she with her husband visited defendant's office in Portland; and while there the contract was discussed by Moyer and Russell and the following question and answer appear in the record:

"Question: The question I started to ask you is this: What did he say about somebody else wanting to take the land?"

"Answer: Well, there was some men up there that wanted to buy it at so much per stumpage and he thought he could sell it that way and he wanted to release it on that account."

This was followed by the testimony of two brothers by the name of Sawyer, who testified that shortly after the fire they conceived the plan of buying all of the damaged timber in that vicinity at a low price and manufacturing it into timber at their mill; that in pursuance of this idea they interviewed Moyer who told them that he had no timber in that vicinity and re-

ferred them to Russell; that they went to Portland and interviewed Russell and the local representative of the Weyerhaeuser Company; that Russell told them that his company had some timber in the burned region which he would sell on a stumpage basis; that when the Weyerhaeuser Company declined to do business with them they abandoned the scheme; and that the specific tracts in controversy here were not mentioned by them. Russell testified that in the year 1912 there was some talk between him and Moyer in reference to a relinquishment of the contract and that he expressed his willingness to do so, but that the controlling power in the corporation was Stephens with whom he advised Moyer to correspond directly or through his attorney, Mr. Weatherford.

1. The foregoing is substantially all the evidence in support of the plea of estoppel. This showing is altogether too vague and indefinite to establish the plea. It is not shown that Moyer had any buyer in view, or that he was in any way injured by the conduct of the defendant. In 10 R. C. L., p. 697, the established doctrine is quite clearly expressed thus:

"The final element of an equitable estoppel is that the person claiming it must have been misled into such action that he will suffer injury if the estoppel is not declared. That is, the person setting up the estoppel must have been induced to alter his position, in such a way that he will be injured if the other person is not held to the representation or attitude on which the estoppel is predicated."

2. From the evidence it appears that at the time the contract was executed the land was chiefly valuable for its timber and that in the year 1910 a forest fire destroyed nearly all the timber on one of the tracts and about half of that on the other. No payments had been made on the purchase price and defendant

had never had possession of the premises. Under these circumstances it has been held by this court that specific performance cannot be had: *Powell* v. *Dayton, Sheridan & Grande Ronde R. R. Co.,* 12 Or. 488 (8 Pac. 544).

It follows that the decree of the lower court must be reversed and the suit dismissed.

REVERSED.  SUIT DISMISSED.<br>REHEARING DENIED.

McBRIDE, C. J., BURNETT and HARRIS, JJ., concur.