LOUIS LIBMAN *vs.* JOSEPH LEVENSON.

JOSEPH LEVENSON *vs.* LOUIS LIBMAN.

Suffolk. June 22, 1920. — June 23, 1920.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Equity Jurisdiction*, Specific performance. *Contract*, Performance and breach, Termination.

Where, before the time fixed for the performance of a contract for the sale and conveyance of land and buildings and without fault of either party to the contract, a substantial part of the real estate is destroyed, the seller, if at the time fixed for performance he has not restored the premises to substantially the condition in which they were when the contract was made, cannot maintain a suit in equity to compel specific performance of the contract, and the purchaser may maintain a suit to have the contract declared terminated and to compel the repayment to him of an amount advanced by him toward the purchase price.

BILL IN EQUITY, filed in the Superior Court on April 23, 1920, for specific performance of a contract in writing for the sale by the plaintiff to the defendant of land and buildings thereon in that part of Boston known as Dorchester; also a

BILL IN EQUITY, filed in the Superior Court on May 19, 1920, by the defendant in the first suit against the plaintiff therein, alleging the partial destruction of the premises described in the opinion and seeking a termination of this agreement and a repayment of the sum of $200 which had been paid toward the purchase price.

In the Superior Court the suits were heard together by *Hammond*, J., upon an agreed statement of facts, and by him were reported for determination by this court, "upon the stipulation that if said Levenson is entitled to prevail then a decree shall be entered cancelling the said agreement of sale and ordering said Libman to return to said Levenson the part payment made under said agreement, or such other relief as to the court shall seem just and proper; and upon the stipulation that unless as a matter of

law upon the facts stated the said Levenson has made out a good defence in the suit in which he is the respondent, then specific performance, as prayed for by said Libman, or such other relief as to the court shall seem just and proper, shall be decreed."

The cases were submitted on briefs.

*H. U. Smith,* for Libman.

*J. J. Kaplan, J. E. Peakes & G. P. Davis,* for Levenson.

RUGG, C. J. These are cross suits in equity. On March 31, 1920, the parties entered into a contract in writing whereby Libman agreed to sell a tract of real estate for $2,000 above an existing mortgage and Levenson agreed to purchase and pay for the same, "Papers to pass . . . on or before April 10, 1920." The real estate "as described in the agreement consists of a parcel of land numbered 202–208A Washington Street, Dorchester District of Boston, comprising 7,030 square feet of land and a one story brick block of six (6) stores thereon," built in 1916.

On or about April 5, 1920, a retaining wall on the rear of the premises, without any fault on the part of Libman, collapsed on account of erosion and other natural causes and fell on to and across a yard about fifteen feet in width situated between the retaining wall and the building and on to and against the rear of the building causing the greater part of the rear wall of four of the stores to collapse and breaking the windows in the front of the four stores.

No repairs were made on the premises after the collapse, and the building and premises have since remained and now are in the same damaged condition as they were immediately following the collapse.

The question is whether Levenson can be compelled to take conveyance and pay for the real estate under these circumstances or whether he is entitled to cancellation of the contract and recovery from Libman of the money already paid on account of the contract.

It is manifest from the facts that there has been a destruction or loss of a substantial part of the real estate constituting the subject matter of the contract occurring before the time fixed for performance without the fault of either party. The real question is where that loss must fall.

This hardly can be regarded as an open question in this Commonwealth. In *Thompson* v. *Gould,* 20 Pick. 134, a contract had

been made for the purchase and sale of land but before the time
for performance the house thereon was burned. It was said at
page 138: "Nor could this contract be enforced by a court of
equity having jurisdiction of the subject matter, for by the de-
struction of the house the defendant is no longer able to perform
his part of the contract. He may make compensation for the
destruction of the house, but generally a purchaser, independently
of special circumstances, is not to be compelled to take an in-
demnity, but he may elect to recover back the purchase money,
if paid in advance, and if the vendor refuses or is unable on his
part to perform the contract, and the purchaser has no legal
remedy to recover damages." It is true that this was an action
of contract and the contract was not enforceable under the
statute of frauds but with the amplitude of discussion of legal
questions lying within the field of the point actually involved
customary with the court of that day, the whole subject was
surveyed in the opinion.

The statement above quoted appears to have been accepted as
the law of the Commonwealth. In *Wells* v. *Calnan,* 107 Mass.
514, an action of contract was before the court for breach of a
written agreement to purchase land, where the buildings were
destroyed before the deed was tendered. It was said by Mr.
Justice Gray, relying in part upon *Thompson* v. *Gould* as well as
upon other previous decisions fully reviewed by him, "When
property, real or personal, is destroyed by fire, the loss falls upon
the party who is the owner at the time; and if the owner of a
house and land agrees to sell and convey it upon the payment of
a certain price which the purchaser agrees to pay, and before full
payment the house is destroyed by accidental fire, so that the
vendor cannot perform the agreement on his part, he cannot
recover or retain any part of the purchase money." The question
again was presented in an action for breach of contract in *Hawkes*
v. *Kehoe,* 193 Mass. 419, where at pages 424 and 425 occurs this
statement: "We need spend no time upon the numerous cases in
England and in this country which the industry of counsel has
brought to our notice as to the rights of parties to such agree-
ments upon a total or partial destruction of the buildings by fire.
See the cases collected in 29 Am. & Eng. Encyc. of Law, (2d ed.)
712 *et seq.,* and in Ames, Cases in Eq. Jur. 228, note 2. We are

of opinion that in this Commonwealth, when, as in this case, the conveyance is to be made of the whole estate, including both land and buildings, for an entire price, and the value of the buildings constitutes a large part of the total value of the estate, and the terms of the agreement show that they constituted an important part of the subject matter of the contract, it is now settled by the decision in *Wells* v. *Calnan,* 107 Mass. 514, that the contract is to be construed as subject to the implied condition that it no longer shall be binding if, before the time for the conveyance to be made, the buildings are destroyed by fire. The loss by the fire falls upon the vendor, the owner; and if he has not protected himself by insurance, he can have no reimbursement of this loss: but the contract is no longer binding upon either party. If the purchaser has advanced any part of the price, he can recover it back. *Thompson* v. *Gould,* 20 Pick. 134, 138. If the change in the value of the estate is not so great, or if it appears that the buildings did not constitute so material a part of the estate to be conveyed as to result in an annulling of the contract, specific performance may be decreed, with compensation for any breach of agreement, or relief may be given in damages. *Kares* v. *Covell,* 180 Mass. 206. *Davis* v. *Parker,* 14 Allen, 94." See also *Adams* v. *North American Ins. Co.* 210 Mass. 550. It seems to us that the weight of authority in other jurisdictions is to the same effect. *Phinizy* v. *Guernsey,* 111 Ga. 346. *Gould* v. *Murch,* 70 Maine, 288. *Wilson* v. *Clark,* 60 N. H. 352. *Smith* v. *McCluskey,* 45 Barb. 610. *Wicks* v. *Bowman,* 5 Daly, 225. *Powell* v. *Dayton, Sheridan & Grande Ronde Railroad,* 12 Ore. 488. *Huguenin* v. *Courtenay,* 21 S. C. 403. *Elmore* v. *Stephens-Russell Co.* 88 Ore. 509. *Kinney* v. *Hickox,* 24 Neb. 167.

There are decisions to the contrary collected in an article in 33 Harv. Law Rev. 813, 822 to 834. In view of the positive statements of the law already quoted from our own decisions, it does not seem necessary to review those not in harmony with them.

In the suit of *Libman* v. *Levenson* decree is to be entered dismissing the bill, and in that of *Levenson* v. *Libman* decree is to be entered declaring the agreement terminated, for the repayment to the plaintiff of the $200 paid by him on account of the contract and for his costs.

*So ordered.*