JAMES C. DURHAM ET AL *vs.* MRS. LEROY McCREADY.

Waldo.      Opinion September 17, 1930.

*Arthur Ritchie,* for plaintiff.
*Buzzell & Thornton,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.   PHILBROOK, A. R. J.

PATTANGALL, C. J.    On exceptions. Tried before a single Justice without the intervention of a jury, with right of exceptions reserved.

This was an action brought upon a non-negotiable promissory note for $365 payable in installments, upon which at the time suit was brought $117 had been paid and, including interest, $273 was due.

The note was given in payment for certain real estate, plaintiff agreeing when the payments were completed to convey same to defendant and giving bond to carry out the agreement. The note and bond were executed July 5, 1927. The writ is dated March 6, 1930. No conveyance of the property has been made. The buildings on the land to be conveyed formed a material part of the value of the premises and were destroyed by fire September 6, 1929, without fault of either party.

Defendant plead the general issue with the following brief statement. "Defendant further says that she is not liable upon the note declared upon in this action for failure of consideration, the principal part of the property for which the note was given having been destroyed by fire without the fault of either party."

On the above facts, about which there was no dispute, the presiding Justice found for defendant, to which finding exceptions were seasonably taken.

A similar situation arose in *Gould* v. *Murch*, 70 Me., 288. In that case, Mr. Justice Libbey, speaking for the Court and relying upon *Thompson* v. *Gould*, 20 Pick., 134; *Gould* v. *Thompson*, 4 Met., 224; and *Wells* v. *Calnan*, 107 Mass., 514, laid down the rule that "When property, real or personal, is destroyed by fire, the loss falls upon the party who is the owner at the time and if the owner of a house and land agrees to sell and convey it upon the payment of a certain price which the purchaser agrees to pay and before payment the house is destroyed by accidental fire so that the vendor cannot perform the agreement on his part, he cannot recover or retain any part of the purchase money.  But the use and occupation of the premises from the time the agreement for the sale and purchase was made formed a part of the consideration for the notes and the plaintiff can recover in this action a sum equal

to the value of the use of the premises while the defendant occupied them."

We are aware that the weight of authority is to the contrary, that in such a case the loss falls on the vendee; although the position taken by the courts of Maine and Massachusetts in this respect is supported by California in *Conlin* v. *Osborn*, 120 Pac., 755; *Lachance* v. *Brown*, 183 Pac., 216, by Oregon in *Powell et al* v. *S. & G. R. R.*, 8 Pac., 544; *Elmore et al* v. *Stephens-Russell Co.*, 171 Pac., 763, and by New Hampshire in *Wilson* v. *Clarke*, 60 N. H., 352.

Affirming *Gould* v. *Murch*, supra, we hold that the consideration of the note had failed unless plaintiffs were entitled to recover for use and occupation of the premises during the period prior to the fire.

There was no direct evidence concerning the rental value of the property, but its location and character, the time of occupation, and the amount which defendant had paid on the note, were in evidence. The presiding Justice must have determined that these payments were sufficient to cover any reasonable charge in this respect. The evidence justified such a finding.

*Exceptions overruled.*