JUDGE BULLITT
delivered the opikion op the court:
An indictment against Graddy, for a felony, was, upon his motion, quashed by the circuit court, because the grand jury, by which it was found, was summoned by one Darnall, acting under the following order of the circuit court: ‘'Ordered that A. A. Nelson be appointed to act as sheriff in summoning jurors and attending upon the court, who, with leave of court, appointed Philip Darnall his special deputy.” From the judgment quashing the indictment the Commonwealth appealed.
One of the grounds for setting aside an indictment is, “a substantial error in the summoning or formation of the grand jury.” (Crim. Code, sec. 159.) In our opinion there was a substantial error in the summoning of the jury in this case.
*224 “The selecting, summoning and impannelling of a grand jury shall be as prescribed by the Revised Statutes.” (Crim. Code, sec. 98.) Chapter 55 of the Revised Statutes declares that “there shall be summoned, by the sheriff of the county, sixteen grand jurymen,” &c., and that they shall be selected by the jury-commissioners; but by-standers may be summoned if the commissioners fail to make the selection, or the list is lost or destroyed, or the panel is set aside, or the regular jury discharged, or if any of the jurors fail to attend or are excused. And an act, approved March 17, 1862, (Sess. Acts, 95,) authorizes the coroner to summon grand and petit jurors in counties where there is no sheriff.
If the record had shown that the jury in this case was composed of jurors selected by commissioners as directed by the Revised Statutes, we incline to the opinion that the summoning of them by a person other than the sheriff or coroner would not have been “a substantial error.”
But they were summoned under an order “that the sheriff cause to be summoned sixteen good and lawful men to act as grand jurors at this term of the court,” and a subsequent order states that, “the sheriff returned into court the following list of names as persons summoned to act as grand jurors.” In our opinion it must be assumed, that the jury was composed of bystanders.
As the court ordered bystanders to be summoned, it may, perhaps, be presumed that there were proper grounds for doing so. .But- the summoning of bystanders to serve as jurors was a duty in the performance of which the accused, in our opin ion, was entitled to the services of the sheriff or coroner.
Section 194 of the Criminal Code, declaring that “the court may, for sufficient cause, designate' some other officer or person than the sheriff to summon jurors,” does not apply to this case, as it relates only to petit jurors.
In our opinion the court had no authority to appoint a sheriff, or to authorize any person to summon grand jurors. They should have been summoned by the sheriff, or, if there was no sheriff in the county, by the coroner.
The judgment is affirmed.