HENRY L. TOWNE *vs.* ADELAIDE BUTTERFIELD.

*A* tenant at will is estopped from denying his landlord's title without surrender of the leased premises or eviction by title paramount or its equivalent.

WRIT OF ENTRY. Plea, *nul disseisin.* The demandant claimed title under a deed of warranty from Jane W. Smith. In the superior court judgment was rendered for the tenant upon agreed facts, and the demandant appealed to this court. By the facts agreed it appeared that Jane W. was wife of Francis B. Smith, from whom she was divorced May 7, 1864, for his adultery, she receiving under the decree of the court the custody of their four minor children. The demanded premises were of a value less than eight hundred dollars, and were occupied from 1855 to 1857, by Francis B. and Jane W., with the children, as a homestead ; and no other homestead has since been acquired by either of them. The title was in Francis B. until August 4, 1862, when, for the purpose of transferring it to his wife, he conveyed the premises by deed of quitclaim with covenants of special warranty to a third party who, on the same day and as part of the same transaction, conveyed them by similar deed to Jane W There was no actual consideration for the transfer ; but Francis B. was not in debt at the time, nor is there any claim of his subsequent indebtedness to invalidate it. Jane W. did not sign the deed to the third party. After these deeds Jane W. occupied the premises for a time, Francis B. being absent. During his absence she made a parol lease of them, and went away, leaving the tenant in possession. Francis B. returned, a few weeks afterwards, and took and held the premises under a claim of right, until April 1864, when Jane W. leased them to a tenant, who moved in, dispossessing a tenant of Francis B., and was in exclusive occupation, claiming under Jane W., at the date of her deed to the demandant, May 25, 1864. The demandant took possession under that deed, and on December 26, 1865, made a contract and bond, agreeing to convey the premises to the tenant in this action upon her payment of a stipulated price on or

before January 20, 1866. Under this contract and bond **the** tenant took possession, but afterwards refused to execute her part of the contract, or to make the payments agreed, although the demandant duly tendered to her a warranty deed with all the covenants for a perfect title; and she claimed to have acquired title to the premises by a quitclaim deed to her from Francis B. Smith, dated May 4, 1866.

*M. P. Knowlton,* for the demandant.

*W. Allen, Jr.,* for the tenant.

HOAR, J. The demandant having the actual possession of the demanded premises, under a deed of warranty, and claim of title, had an actual seisin, by right or by disseisin, sufficient to maintain his action, unless the defendant can show a better title. Jackson on Real Actions, 4. Stearns on Real Actions, 239. The tenant, being let into possession by the demandant under a contract to purchase, became thereby tenant at will to the demandant. *Gould* v. *Thompson,* 4 Met. 224. The question then arises, whether the tenant, being lessee at will of the demandant, can be permitted to assert a title inconsistent with that of her lessor at the time of making the lease, having never surrendered the possession, and no eviction by the owner of a paramount title, or anything equivalent to such eviction having occurred? And we are all of opinion that she cannot. *Lessee of Galloway* v. *Ogle,* 2 Binn. 468. *Binney* v. *Chapman,* 5 Pick. 124. *George* v. *Putney,* 4 Cush. 351. 1 Washb. Real Prop. 357–359, and cases there cited. Francis B. Smith, being disseised, could convey no title to a third person not in possession; and until entry by him, or demand upon the tenant, the tenant's possession was that of her landlord.

*Judgment for demandant.*