## EDWARD H. WELLS *vs.* WILLIAM CALNAN.

A written agreement, on which an action was brought, stipulated that the plaintiff should sell to the defendant "the farm now occupied by" the plaintiff and his father, for a certain price, to be paid at a future day specified, "no wood to be cut and removed from the premises save firewood for use in the house," and that on payment of the price the plaintiff would make and deliver to the defendant a deed of "the fee simple of the said premises." The declaration alleged a tender of a deed "of the premises described in the agreement," and a refusal by the defendant to pay the price. The answer denied such tender. At the trial, it appeared that the plaintiff tendered a deed, but that before the tender the buildings on the land were burned, whereby the estate was reduced in value from at least the contract price to less than two thirds of that price. *Held*, that the plaintiff could not recover.

CONTRACT on a written agreement, dated December 22, 1868, by which the plaintiff agreed to sell and the defendant to buy "the farm now occupied by" the plaintiff "and his father," (describing it by metes and bounds,) for $3250, which the defendant agreed to pay on April 10, 1869, and it was provided that "no wood should be cut and removed from the premises save firewood for use in the house," that the plaintiff on receiving payment should execute and deliver to the defendant a proper deed for the conveying and assuring to him of "the fee simple of the said premises," and that for the due performance of the agreement each party was bound to the other in the sum of $500, "which said sum is to be taken as liquidated damages." The declaration alleged the making of the agreement, and that the plaintiff executed a good and proper deed for conveying and assuring to the defendant in fee simple "the premises described in said agreement," and tendered said deed to the defendant on April 10, 1869, and demanded payment of the $3250 of the defendant, but that the defendant refused to pay the same and also refused to pay the $500 as liquidated damages; and that the defendant owed the plaintiff $500. The answer admitted the making of the agreement, but denied the making or tender of a good and sufficient deed, and all the other allegations of the declaration.

At the trial in the superior court, before *Pitman*, J., it appeared that the plaintiff tendered a deed in due form on April 10

1869 ; that the farm-house and outbuildings on the land were burned on the preceding day ; that the defendant for that reason refused to accept the deed or pay the price ; that the estate at the time of the contract was worth at least $3250, but after the fire was worth not more than $2000 ; and that the plaintiff had obtained insurance upon the buildings in the sum of $2000, and had received of the insurance company, in settlement of his claim against them, the sum of $1600.

The defendant offered to show that the insurance company, before the commencement of this action, offered the plaintiff to take from him a quitclaim deed of the estate, and pay him the full contract price. But the judge excluded the evidence as immaterial.

The plaintiff contended that he was entitled to the $500 as liquidated damages, while the defendant contended that it was to be treated as a penal sum. But the judge ruled " that this ques-tion was of no importance, because, if the plaintiff was entitled to demand payment of the contract price notwithstanding the loss of the buildings, he had sustained damage to a larger amount by the defendant's refusal."

The defendant requested the court to instruct the jury that they might consider the amount received by the plaintiff from the insurance company in their estimate of his damages, and might re-turn a verdict for nominal damages only ; but the judge instructed them to the contrary.

The jury returned a verdict for the plaintiff in the sum of $546.83, being the amount claimed, with interest ; and the case was reported to this court; if error appeared in the rulings, the verdict to be set aside and a new trial had ; otherwise, judgment to be entered on the verdict.

*W. G. Bates*, for the defendant.

*H. Morris & N. T. Leonard*, for the plaintiff.

GRAY, J. The principles of law, upon which the rights of the parties to this case depend, appear to have been overlooked at the trial.

When property, real or personal, is destroyed by fire, the loss falls upon the party who is the owner at the time ; and if the owner of a house and land agrees to sell and convey it upon the

payment of a certain price which the purchaser agrees to pay, and before full payment the house is destroyed by accidental fire, so that the vendor cannot perform the agreement on his part, he cannot recover or retain any part of the purchase money.

For these reasons, in *Thompson* v. *Gould*, 20 Pick. 134, where, after the making of an oral agreement for the sale and purchase of a house and land, and the purchaser's entry into possession and payment of part of the price, but before delivery or tender of the deed, the house was destroyed by fire, it was held by this court, in an elaborate judgment delivered by Mr. Justice Wilde, that he was entitled to recover back the money paid, on the ground of a failure of the consideration.

In *Bacon* v. *Simpson*, 3 M. & W. 78, the plaintiff had agreed to sell, and the defendant to purchase, a lease for years of a dwelling-house at a certain price, and the furniture, tenant's fixtures and other property therein at a valuation to be made by appraisers. Before fulfilment of the agreement, or delivery of possession to the defendant, the greater part of the house and the property therein was consumed by fire. The plaintiff brought an action on the agreement, averring readiness to perform from the time of making the agreement and ever since, which was traversed by the defendant. It was held by the court of exchequer that by reason of the fire the plaintiff could not perform the agreement, and therefore could not maintain the action.

In *Taylor* v. *Caldwell*, 3 B. & S. 826, by a written contract one party agreed to give the other the use of a certain music hall on four specified days for the purpose of holding concerts, with no express stipulation for the event of its destruction by fire. The court of queen's bench held that upon the destruction of the building on an earlier day, by an accidental fire, both parties were excused from the performance of the contract; and, while recognizing as undoubted the rule that one who makes a positive contract to do a thing not in itself unlawful must perform it or pay damages for not doing so, declared it to be also well settled that that rule is only applicable where the contract is positive and absolute, and not subject to any condition, express or implied; and that where, from the nature of the contract, it appears that the

parties must from the beginning have contemplated the continuing existence of some particular specified thing as the foundation of what was to be done, there, in the absence of any express or implied warranty that the thing shall exist, the contract is not to be construed as a positive contract, but as subject to an implied condition that the parties shall be excused in case, before breach, performance becomes impossible from the accidental perishing of the thing without the fault of either party.

The doctrine as there stated has been approved in the later English cases. *Appleby* v. *Meyers*, Law Rep. 1 C. P. 615 ; *S. C.* Law Rep. 2 C. P. 651. *Boast* v. *Firth*, Law Rep. 4 C. P. 1. *Robinson* v. *Davison*, Law Rep. 6 Exch. 269. And it is illustrated by the previous decisions of this court, by which it has been held that a person who agrees to build a house on the land of another is not discharged by the destruction of the house by fire before its completion ; but that, where one agrees to repair another's house already built, such destruction of the house puts an end to the. contract. *Adams* v. *Nichols*, 19 Pick. 275. *Lord* v. *Wheeler*, 1· Gray, 282.

In the present case, the agreement between the parties manifestly contemplates the conveyance of the buildings already upon the land as an important part of the subject matter of the contract. It describes the property to be conveyed as the farm occupied by the vendor and his father, and contains a provision that until the day appointed for the delivery of the deed no wood shall be cut and removed from the premises save firewood for use in the house. The vendor agrees to execute and deliver a proper deed for the conveying and assuring to the purchaser of the fee simple " of the said premises." The price stipulated to be paid is an entire sum ; and the report states that it appeared in evidence at the trial that the estate at the time of the contract was worth at least that sum, and after the fire was not worth two thirds as much.

The case differs from those in which a lessee is held liable to pay rent or make repairs according to his covenants, notwithstanding the destruction of the buildings by fire or other accident during the term. There the lessor, by the execution and delivery

of the lease, has fully performed the contract on his part; and the lessee, having thereby become the owner of the leasehold interest, must bear the same risk of fire or casualty as any other owner of property, and is not excused from performing his own express covenants. *Fowler* v. *Bott*, 6 Mass. 63. *Kramer* v. *Cook*, 7 Gray, 550. *Leavitt* v. *Fletcher*, 10 Allen, 119. But in the case at bar the defendant has only agreed to pay the purchase money upon tender of a deed of the whole estate contracted for, including the buildings as well as the land; and, the buildings having been wholly destroyed by fire on the day before that appointed for the conveyance, the plaintiff did not and could not tender such a conveyance as he had agreed to make or as the defendant was bound to accept, and was not therefore entitled to maintain any action against the defendant upon the agreement.

It was contended at the argument that this defence was not open under the pleadings. But the declaration alleges that the plaintiff tendered to the defendant a good and proper deed for the conveying and assuring to the defendant the premises described in the agreement; and this allegation is met by a direct denial in the answer.

The result is, that the rulings of the superior court were erroneous, because inapplicable to the case, that there has been a mistrial, and that the

*Verdict must be set aside, and a new trial had.*