GARDNER DUNHAM *vs.* JAMES C. TOWNSEND.

The plaintiff and defendant made an agreement dated August 29, 1870, for the sale and purchase of a parcel of land, which provided that the premises should be conveyed within three months by a deed from the plaintiff; that for such deed and conveyance the defendant should pay a certain sum; and that in the mean time full possession of the premises should be delivered to the defendant on delivery of the agreement, the defendant to pay interest on the consideration till delivery of the deed. The defendant took possession; the plaintiff failed to deliver the deed; on June 23, 1871, the plaintiff gave the defendant notice to quit; and on July 3, 1871, began an action under the Gen. Sts. *c.* 137, to recover possession of the premises. Afterwards the defendant brought an action against the plaintiff for failure to deliver the deed, and recovered damages. *Held*, that the plaintiff could not maintain his action for possession.

ACTION on the Gen. Sts. *c.* 137, to recover possession of land in Attleborough. Writ dated July 3, 1871. At the trial in the Superior Court, before *Allen*, J., it appeared that the plaintiff, who was owner of the land, entered into a contract under seal with the defendant, dated August 29, 1870, by which he agreed to sell, and the defendant agreed to buy the land, and which contained the following provisions: " Said premises are to be conveyed within three months from this date, by a good and sufficient warranty deed of said Dunham, conveying a good and clear title to the same free from all incumbrances," " and for such deed and conveyance said Townsend is to pay the sum of $1200," " and in the mean time, full possession of the premises, free of all

tenants, is to be delivered to said Townsend at the time of the delivery of this writing, (the premises to be in the same condition in which they now are, reasonable use and wear of the buildings thereon only excepted on the delivery of the deed,) said Townsend to pay interest on said consideration to said Dunham till delivery of said deed; " that the defendant moved into the premises about September 15, 1870 ; that no deed of the premises was delivered by the plaintiff to the defendant; that on June 23, 1871, the plaintiff served upon the defendant a notice to quit the premises ; that the defendant brought an action against the plaintiff, begun August 3, 1871, for the refusal of the plaintiff to convey according to the agreement and obtained a verdict for $450 damages ; and that ever since the defendant moved into the premises he has resided there and never paid or tendered any rent to the plaintiff.

The plaintiff asked the judge to rule that the agreement " constituted a lease from the plaintiff to the defendant, to expire by its own limitation as soon as the period of three months had expired within which the deed was to be delivered by the plaintiff to the defendant ; that it constituted a lease which expired at a definite time, which time had elapsed before the commencement of this suit ; and that no notice from the plaintiff to the defendant to quit was necessary to enable the plaintiff to maintain this action ; but the judge refused so to rule, and ruled that the agreement did not constitute a lease that expired by its own limitation, before the commencement of this action, and directed a verdict for the defendant, which was returned, and the plaintiff alleged exceptions.

*E. Ames & J. Daggett*, for the plaintiff.

*J. Brown*, for the defendant.

AMES, J. It was correctly ruled at the trial that the agreement under which the defendant entered upon the premises was not a lease, and that his right to occupy under it did not expire upon the failure of the plaintiff to deliver the deed at the stipulated day. The defendant entered as a purchaser, and not as a lessee. He assumed no obligation to pay rent, and his promise to pay interest upon the agreed price was not for the use of the

land, or founded upon any estimate of the value of such use, but as forbearance of payment of a sum which he had undertaken to pay. *Dakin* v. *Allen*, 8 Cush. 33. *Larned* v. *Clark*, Ib. 29. In case of refusal by the occupant in such a case to complete the purchase, he may thereafter become liable as a tenant at will. *Gould* v. *Thompson*, 4 Met. 224. *Towne* v. *Butterfield*, 97 Mass. 105. *Howard* v. *Shaw*, 8 M. & W. 118. But the refusal of the plaintiff to fulfil his contract for the sale of the premises does not release him from his obligation, or convert the occupation by the defendant into a wrongful holding over after the expiration of his right. On the contrary, the defendant, until August 3, 1871, had a right to compel the specific performance by the plaintiff of his contract to make the conveyance. If the defendant had sought his remedy in that form in equity, instead of bringing an action at common law to recover damages for the breach of the contract, the result would have been a decree compelling the plaintiff to make the conveyance, on payment of the consideration money with interest. At the date of the notice to quit, the defendant was in the lawful occupation of the premises. He had entered upon them, under a contract in writing and under seal, by the terms of which he had a right to " the full possession of the premises " " till delivery of said deed." It was no part of the contract that his possession was to terminate on the day when the deed, according to the terms of the bond, should become deliverable. There is nothing in the case that indicates that the plaintiff's failure to deliver the deed on that day was considered by either party as a renunciation of the contract, or as anything more than a mere postponement of its execution. The plaintiff certainly cannot better his condition, or enlarge his rights in the premises, by his own violation of good faith. He was the only party who, up to that date, had broken the contract, and it was not in his power by so doing to convert the defendant's lawful occupation into a trespass, or wrongful holding over.

*The exceptions are therefore overruled.*