ELIAS G. GOULD *vs.* LEWIS W. MURCH.

Somerset. Opinion October 29, 1879.

*Bond for Deed. Consideration. Notes—payment of. Fire. Loss. Rent.*

When the owner of a lot of land, with buildings thereon, agrees to convey it at a future day on payment of the purchase money by the purchaser, and before payment and conveyance the buildings are destroyed by fire without the fault of either party, the loss must fall upon the vendor, and if the buildings formed a material part of the value of the premises, the vendee cannot be compelled to take a deed of the land alone and pay the purchase money.

Although such destruction of the buildings on the premises may be successfully set up as a defense to the notes given for the land bargained for, but not conveyed, yet by the contract, the use and occupation of the premises by the vendee from the time the agreement for the sale and purchase was made, being a part of the consideration for the notes, the vendor can recover thereon a sum equal to the value of the use of the premises while the vendee occupied them.

ASSUMPSIT brought to recover the amount of two promissory notes, dated December 17, 1875, given by defendant to plaintiff. The consideration for said notes with other notes was a bond in common form, dated December 17, 1875, to convey certain real estate described therein, when said notes were paid according to their tenor. Defendant took possession of said premises when said notes and bond were given and was in possession at the time of the fire.

In the fall of 1876 the buildings on said premises were destroyed by fire. Defendant claims that by reason of the loss of said buildings, the consideration for said notes has failed and that this suit cannot be maintained. It is agreed that if the law court consider the grounds assigned as any defense in this suit the same is to come back for trial to this court, otherwise the defendant is to be defaulted.

*C. L. Jones*, for the plaintiff, cited *Smith* v. *Sinclair*, 15 Mass. 171. *Reed* v. *Cummings*, 2 Maine, 82. *Manning* v. *Brown*, 10 Maine, 49. *Little* v. *Thurston*, 58 Maine, 86. Chitty Con. (6 ed.) 734.

*Walton & Walton*, for the defendant, cited *Wyman* v. *Heald*,

17 Maine, 329. *Coburn* v. *Haley*, 57 Maine, 346. *Little* v. *Thurston, supra. Knapp* v. *Lee*, 3 Pick. 459.

LIBBEY, J. The notes in suit, with three others, were given in payment for a lot of land on which were a dwelling-house and other buildings; and on payment of the notes at maturity, the plaintiff agreed to convey the premises to the defendant. The defendant was to have possession of the premises till he made default of payment as agreed, and he entered into possession under the agreement. Within a year from that time the buildings were burnt without the fault of either party.

The question presented to the court is whether the destruction of the buildings can be set up by the defendant as a defense to the notes. We think it can be.

When the owner of a lot of land with buildings upon it agrees to convey it at a future day on payment of the purchase money by the purchaser, and before payment and conveyance, the buildings are destroyed, by fire, without the fault of either party, the loss must fall upon the vendor; and if the buildings formed a material part of the value of the premises, the vendee cannot be compelled to take a deed of the land alone, and pay the purchase money; and if he has paid it he may recover it back. *Thompson* v. *Gould*, 20 Pick. 134, and cases there cited. *Gould* v. *Thompson*, 4 Met. 224. *Wells* v. *Calnan*, 107 Mass. 514.

In *Thompson* v. *Gould*, the authorities bearing upon the question were elaborately examined and considered, and Wilde, J., in the opinion of the court says: "In respect to the loss of personal property, under the like circumstances, the principle of law is perfectly clear and well established by all the authorities. When there is an agreement for the sale and purchase of goods and chattels, and after the agreement and before the sale is completed, the property is destroyed by casualty, the loss must be borne by the vendor, the property remaining vested in him at the time of the destruction. *Tarling* v. *Baxter*, 9 Dowl. and Ryl. 276. *Hinde* v. *Whitehouse*, 7 East, 558. *Rugg* v. *Minett*, 11 East, 210. No reason has been given, nor can be given why the same principle should not be applied to real estate. The principle in

no respect depends upon the nature and quality of the property, and there can therefore be no distinction between personal and real estate."

In *Wells* v. *Calnan* the same rule was affirmed. Gray, J., in the opinion of the court very clearly and tersely states it as follows : "When property, real or personal, is destroyed by fire, the loss falls upon the party who is the owner at the time ; and if the owner of a house and land agrees to sell and convey it upon the payment of a certain price which the purchaser agrees to pay, and before full payment the house is destroyed by accidental fire, so that the vendor cannot perform the agreement on his part, he cannot recover or retain, any part of the purchase money."

The reasons upon which the rule is based are clearly and fully stated in the cases cited, and it is unnecessary to repeat them here.

But the use and occupation of the premises by the defendant, from the time the agreement for the sale and purchase was made, formed a part of the consideration for the notes : and the plaintiff can recover in this action a sum equal to the value of the use of the premises while the defendant occupied them. *Wells* v. *Calnan, supra.*

In accordance with the stipulations in the report,

*The action must stand for trial.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ.; concurred.

SYMONDS, J., did not sit.