WILSON *v.* CLARK, *Adm'r, & a.*

When property, real or personal, is destroyed by fire, the loss falls upon the party who is the owner at the time; and if the owner of a house and land agrees to sell and convey it upon the payment of a certain price which the purchaser agrees to pay, and before full payment the house is destroyed by accidental fire so that the vendor cannot perform the agreement on his part, he cannot recover or retain any part of the purchase-money.

BILL IN EQUITY.   Facts found by a referee.   March 1, 1877, the plaintiff agreed to purchase of H., the defendant's intestate, the premises described in the bill, for $700, paying $331 cash, and giving her note for $369, payable within two years with interest, at the same time taking H.'s bond to convey the premises to her upon payment of the note and interest within two years.   The plaintiff took possession of the premises, and continued to occupy them by her tenant until December 22, 1878, when the buildings were totally destroyed by an accidental fire.   In the lifetime of H. the plaintiff paid him on her note, October 4, 1877, $25.00, December 13, 1877, $25, and January 1, 1878, $50, which sums were endorsed thereon.   The value of the land was $62.50; of the buildings, $587.50;—total, $650.

*C. R. Morrison*, for the plaintiff.

*G. Y. Sawyer & Sawyer, Jr.*, for the defendant.

CLARK, J.   The property had not been conveyed at the time of
the fire, and H.'s estate must bear the loss.   When property, real
or personal, is destroyed by fire, the loss falls upon the party who
is the owner at the time; and if the owner of a house and land
agrees to sell and convey it upon the payment of a certain price
which the purchaser agrees to pay, and before full payment the
house is destroyed by accidental fire, so that the vendor cannot
perform the agreement on his part, he cannot recover or retain any
part of the purchase-money.   *Wells* v. *Calnan*, 107 Mass. 514;
*Thompson* v. *Gould*, 20 Pick. 134; *Gould* v. *Murch*, 70 Me. 288.
The fire was accidental.   Without fault on the part of the defend-
ants, the performance of the condition of the bond became impossi-
ble by reason of the destruction of the most valuable part of the
subject-matter of the contract.   Under such circumstances equity
will not decree the specific performance of the contract.   Sto. Eq.,
ss. 750, 769.

The plaintiff being in no fault, is entitled to equitable relief.
She has paid $431 in part payment for the land and buildings, and
the defendants now hold her note for the balance of the $700
agreed to be paid for the property. · She has had the use and occu-
pation of the premises from March, 1877, until the buildings were
destroyed in December, 1878.   She is not bound to accept a deed
of the land as it now is, because its value is less than one tenth of
the value of the property agreed to be conveyed.   The contract
having become incapable of performance, both parties are released
from its obligations.   The impossibility of performing the condition
of the bond releases the defendants, and their inability to make
and deliver to the plaintiff such a conveyance as the bond requires
releases the plaintiff.   The defendants have no equitable right to
retain the purchase-money paid, or to enforce the payment of the
plaintiff's note, and the plaintiff should account for the rents and
profits of the premises during her occupation.   *Chartier* v. *Mar-
shall*, 56 N. H. 478; *Gould* v. *Thompson*, 4 Met. 224; *Gould* v.
*Murch*, 70 Me. 288.

The plaintiff is entitled to a decree for the surrender of her note,
and for the repayment of the purchase-money with interest, less
the value of the use of the premises during her occupation.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.