CHARLES C. KIERNAN vs. JOHN LINNEHAN & another.

Suffolk.   January 16, 1890. — June 18, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Landlord and Tenant — Summary Process — "Lessee" — Jurisdiction of Police Court.*

An occupier of land under an oral agreement of purchase with the owner, after paying certain instalments of the purchase money as agreed, refused to pay the remainder until a warranty deed was given him. Whereupon the owner executed a written lease of the premises to a third person, and the occupier remained in possession. *Held,* that such occupier was not, within the meaning of the Pub. Sts. c. 175, § 1, a "lessee" of the premises, and that the summary process would not lie against him to recover the land.

The lessee under the written lease merely notified the occupier of the land to quit, and the latter orally refused to vacate the premises and to give up possession. *Held,* that it could not be said, as matter of law, that such occupier unlawfully held possession of the premises by force, within the meaning of the Pub. Sts. c. 175, § 1.

An action on the Pub. Sts. c. 175, § 1, was brought in a police court to recover possession of land, but neither party requested that court to remove the case to the Superior Court, and no order for its removal was passed. *Held,* on appeal, that the police court properly retained jurisdiction.

ACTION on the Pub. Sts. c. 175, against John Linnehan and Bessie Linnehan, his wife, brought in the Police Court of Chelsea to recover possession of a parcel of land in that city. The certificate of the proceedings in the police court, transmitted on appeal to the Superior Court, recited that judgment was rendered for the plaintiff for possession; that "neither party requested the court to remove the case to the Superior Court for civil business, and the court ordered neither party so to remove nor to give bonds"; and that the defendant appealed.

In the Superior Court, before the jury were impanelled, the defendants filed a plea to the jurisdiction, on the ground that the police court erred, as it appeared by the pleadings that the title to real estate was concerned or brought in question, in not ordering the removal of the case to the Superior Court, and in proceeding to take jurisdiction thereof. *Staples,* J., overruled the plea, and the defendant excepted.

At the trial, the plaintiff introduced in evidence a written lease to him of the land in question for the term of one year,

dated April 19, 1888, from one Twomey, who became the owner thereof on August 27, 1871. The plaintiff testified that, on the day he received the lease, he gave the defendants notice, which was duly served by one McCann, a constable, of the delivery of the lease to the plaintiff, and of his desire to take possession of the premises, and asking them to vacate the same without delay; that the defendants occupied the premises thereafter without paying him rent; and that he had made no attempt to take possession of the premises beyond sending the above notice.

There was evidence that Twomey sold the premises to the defendants in July, 1885, under an oral agreement of purchase, for nine hundred dollars, of which one hundred dollars was paid in cash, the remainder to be paid in monthly instalments of twenty dollars each; that the defendants immediately took possession of the land under that agreement, and continued to pay the instalments of purchase money until July 8, 1886, when the last payment was made; and that the defendants refused on that date to make further payments to Twomey, because the latter then refused to give them a warranty deed instead of a quitclaim deed, which latter Twomey tendered them in August, 1886. Mrs. Linnehan, after testifying to an agreement between herself and Twomey to give her a warranty deed of the land, testified on cross-examination that "she refused to give premises up to plaintiff Kiernan." Linnehan, after testifying to the same agreement, testified that he told Twomey that "he would pay no more money until he got a deed; this was when the payments stopped; that Twomey offered him a quitclaim deed, and he stopped paying; and that neither Twomey nor Kiernan asked him for possession." On cross-examination, he testified that he stopped paying the instalments of purchase money "because he did not get a warranty deed; that he expected this deed before he paid the money; that he claimed the premises were his, and had always refused to let any one in possession; that he would not let the plaintiff come inside the yard, and that the plaintiff tried to get in, and witness ordered him out; that he refused possession to Twomey in July, 1886; and that he remembered saying that he would not get out for Twomey or any one else, and that his wife said so also, when Twomey and Kiernan were

there." On redirect examination, he testified that "in 1886 and subsequently, on his doorstep, he refused Twomey possession to his face; that he refused to deliver up the premises to McCann, the constable, when he came with the notice; that witness said he would not go out for McCann or any one else." There was also evidence, which was contradicted, that Mrs. Linnehan, upon being told that her husband and herself would be obliged to vacate the premises, "refused to go, and told witness to get off the premises, and had a broom in her hand at the time, and witness got out of her way, and that it was her house.".

The judge ruled that, upon the undisputed facts in the case, the plaintiff was entitled to recover, and directed a verdict for the plaintiff, and reported the case for the determination of this court. If the plea to the jurisdiction was improperly overruled, and the ruling that the plaintiff was entitled to recover was wrong, the verdict was to be set aside and a new trial ordered, otherwise, the verdict was to stand.

*G. A. A. Pevey*, for the defendants.

*P. B. Kiernan*, for the plaintiff.

C. ALLEN, J. The court ruled that, upon the undisputed evidence, the plaintiff was entitled to recover. Upon the facts in proof, this ruling could only rest upon one of two grounds, either that the defendants were or had been "lessees," within the meaning of the statute, or else that they unlawfully held possession of the premises by force. We must examine these two grounds in order.

1. By the Pub. Sts. c. 175, § 1, the special summary process for the recovery of land is authorized "when the lessee of lands or tenements, or a person holding under such lessee, holds possession without right after the determination of a lease." The defendants were in possession of the premises under an agreement by which they were to purchase the same, and they had paid a part of the purchase money. They had no written agreement, or other instrument in writing, signed by the grantor, that they should have possession until a deed should be given, and their estate or interest therefore had the force and effect of an estate at will only. Pub. Sts. c. 120, § 3. Assuming that this estate or interest was duly determined by the execution of the

lease from the owner to the plaintiff, the question still remains whether they are subject to this special statutory process for their ejection. It was declared in *Howard* v. *Merriam*, 5 Cush. 563, 583, that, to sustain a complaint on this branch of the statute, the defendant must have stood in the relation of a lessee of the premises, under either a written or an oral lease, or in the relation of a person holding under such lessee, who should hold the demised premises without right after the determination of the lease. And in *Dakin* v. *Allen*, 8 Cush. 33, it was expressly decided that a person in possession of an estate under a bond from the owner conditioned to convey the estate to him on payment of his note for a certain sum with interest semiannually, was not liable to this process on a failure to pay the interest; the ground of the decision being that the defendant was not and had not been the lessee of the estate, and did not hold it under a lessee, or as demised premises, within the meaning of the statute, and that the statute providing for a summary process in such case refers to the case of a lessee and an actual demise. This decision has never been overruled; but, on the other hand, it has received recognition or support in several other decisions. *Larned* v. *Clarke*, 8 Cush. 29. *Hastings* v. *Pratt*, 8 Cush. 121. *Dunham* v. *Townsend*, 110 Mass. 440. *Gerrish* v. *Mason*, 4 Gray, 432. A person in the position of the defendants has often been called a tenant at will, in a general way, but not a " lessee " within the meaning of the statute providing this summary remedy. In the recent case of *Lyon* v. *Cunningham*, 136 Mass. 532, it was explained that, though such a person's right is not greater than that of a tenant at will, and though he is therefore often called a tenant at will, yet he is not to be regarded as a lessee for all purposes; and that, if the negotiation for the purchase of the land fails, he is not necessarily to be held liable on an implied assumpsit for use and occupation, or liable to the special summary process provided by statute for the recovery of land which is held over by a lessee without right after the determination of a lease ; and the distinction was pointed out between such a case and the case of one who enters into possession under an agreement for a lease. In *Lawton* v. *Savage*, 136 Mass. 111, the point now under consideration was not taken by the counsel for the de-

fendant upon his brief, nor specifically dealt with by the court, and that decision was not intended to overrule *Dakin* v. *Allen.* We are therefore brought to the conclusion, that, upon the undisputed facts, it could not properly be ruled that the defendants were shown to be lessees within the meaning of the statute.

2. Nor could it properly be held that the evidence was sufficient to show clearly and beyond question that the defendants unlawfully held possession of the premises by force. · We need not consider what a jury might have been warranted in finding, upon the testimony. All we have to say is, that the evidence on this point was insufficient to enable the court to take the case from the jury. *Saunders* v. *Robinson,* 5 Met. 343. *Benedict* v. *Hart,* 1 Cush. 487. *Commonwealth* v. *Shattuck,* 4 Cush. 141. *Larned* v. *Clarke,* 8 Cush. 29.

3. There is a further small question as to the jurisdiction of the police court to try the case. But of this there is no doubt. Neither party requested the police court to remove the case to the Superior Court, and no order for its removal was passed. The police court, therefore, retained its jurisdiction. Pub. Sts. c. 155, § 24; c. 175, § 8.　　　　　　　　*New trial ordered.*