THOMAS E. KING *vs.* CITY OF SPRINGFIELD.

SAME *vs.* SAME.

SAME *vs.* SAME.

Hampden.   September 22, 1919. — October 10, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Damages,* For property taken or impaired by statutory authority. *Way,* Public. *Contract,* Construction. *Interest.*

Owners of land abutting on a certain street in a city or included in a proposed new street made an offer in writing to the city that, if an order should be passed by the city council and should become effective by a certain date authorizing and directing a contemplated widening and laying out, "they will accept in full of damages for their land and buildings taken or injuriously affected thereby the amounts set opposite their respective names." The time for passing the order was extended by the landowners and within the extended time the order was passed and the way was widened, laid out and completed. An order was passed by the city appropriating for the benefit of the landowners the amounts named in the offer in acceptance thereof. One of the landowners contended that he was entitled to interest on the amount awarded from the date of entry upon his land. Interest was not mentioned in the offer. *Held,* that the agreements contained in the offer accepted by the acts of the city were valid, and that the landowners, having agreed to accept the sums named "in full of damages," were entitled to no interest.

THREE PETITIONS, filed in the Superior Court on February 23, 1918, by Thomas E. King against the city of Springfield, for damages caused by the taking of certain parcels of real estate belonging to the petitioner in that city for the laying out of a new street and the alteration by widening of Dwight Street.

The cases were heard together by *Aiken*, C. J. The material facts are stated in the opinion. At the close of the evidence the Chief Justice in the first case ordered a verdict for the petitioner in the sum of $75,974.70, and in the second and third cases ordered one verdict for both cases in the sum of $150,370, these being the amounts named in the memoranda in writing containing the offers described in the opinion, without interest. At the request of the petitioner the Chief Justice reported the cases for determination of the effect of the various instruments annexed to the record upon the question of interest. If they constituted "a valid agreement between the parties which the respondent might enforce or rely upon as a limitation of the damages," judgment was to be entered on the verdicts; otherwise, there was to be added to the verdicts interest from August 27, 1917, or from such date as the court might determine.

The cases were submitted on briefs.

*H. W. Ely & J. B. Ely*, for the petitioner.

*E. T. Broadhurst & H. P. Small*, for the respondent.

DE COURCY, J. These three petitions were brought for the assessment of damages caused by the taking of the petitioner's land for highway purposes. Verdicts were rendered therein by order of the court, after an agreement of the parties; and the cases are reported to this court on the question whether the petitioner is entitled to interest, and if he is, from what date.

Before the contemplated improvements were undertaken by the city, the petitioner and other owners of land abutting on Dwight Street or included within the lines of a proposed new street, delivered to the city certain memoranda in writing, whereby they offered to accept specified amounts "in full of damages," if an order should be passed by the city council and become effective on or before December 30, 1916, properly authorizing and directing such laying out and widening. The proposals also contained agreements relative to the assessment of betterments, and other provisions which need not be recited. Later the

petitioner and others extended to December 1, 1918, the time within which the offers might be accepted by the city. Admittedly the way has been altered, widened and completed in accordance with the terms of the order of the city council. On November 25, 1918, an order was duly passed by the city appropriating the sums of $75,974.70 and $150,370 for the benefit of the petitioner and in acceptance of his offers; and directing the payment thereof.

The petitioner contends that he is entitled to interest on the amounts awarded from August 27, 1917, the date of entry upon the land. *Edmands* v. *Boston,* 108 Mass. 535, 551. That depends upon the validity and construction of his said offers to accept definite sums as damages. His argument that the transaction between him and the city was not a taking by eminent domain, but a voluntary purchase, and hence invalid by force of St. 1915, c. 263, § 1, is disposed of by the recent case of *Nevins* v. *City Council of Springfield,* 227 Mass. 538, in which these proceedings relative to the widening of Dwight Street were under consideration. As was said by Knowlton, C. J., in *Aspinwall* v. *Boston* 191 Mass. 441, 445, "a unilateral contract, offering to the city favorable terms as to land damages as an inducement to the laying out of a street, may be considered by the board charged with the duty of dealing with such matters, and may be accepted and made binding, by performance of that which is referred to in it as its consideration." His claim that the betterment clause in the agreements was *ultra vires* is not applicable to the issues in the present cases, which relate to damages caused by the laying out of the street. See *Nevins* v. *City Council of Springfield,* 227 Mass. 538, 543.

The agreements in question are valid, and the city has fully performed its part. Entry was duly made, and the construction of the street was completed in accordance with the order of the city council. On November 25, 1918, which was within the period allowed by the extension agreement of July 28, 1917, the city specifically appropriated for the benefit of this petitioner the amounts named in his offer, and in acceptance of the same. This was a compliance with the express terms of the agreement in question, and superseded the earlier order of the city council, on October 28, which was conditional on the release of all rights

that any mortgagee or lessee might have in the damages. Finally, as matter of construction, the agreements do not provide for the payment of interest, in addition to the amounts stated in the offer. The signers, including this petitioner, agreed that "they will accept in full of damages for their land and buildings taken or injuriously affected thereby the amounts set opposite their respective names." The meaning of this language is clear. And as there was, in our opinion, "a valid agreement between the parties which the respondent might enforce or rely upon as a limitation of damages," judgment must be entered on the verdicts by the express terms of the report.

*So ordered.*