JAMES J. CONNELL *et al. vs.* THE SAVINGS BANK OF NEWPORT.

JULY 1, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Mortgages.   Destruction of Premises.*

Buildings on mortgaged premises consisted of a cottage and garage. The mortgage was foreclosed; purchaser paid a deposit but before the time for delivery of deed the cottage was so damaged by fire as to be uninhabitable. Deed was tendered and refused. In action to recover deposit.

*Held,* that as both parties contemplated the continued existence of the cottage on the land as a part of the purchased premises, and as vendor could not tender such a deed as it had impliedly agreed to make, purchaser was entitled to the return of his deposit.

ASSUMPSIT.   Certified on agreed statement of facts.

SWEENEY, J.   This is an action of the case in assumpsit originally brought in the Superior Court for Newport county.   After issue joined the parties filed in the clerk's office an agreed statement of facts whereupon the court certified the action to this court for hearing and determination in accordance with the provisions of § (5112) Gen. Laws, 1923.

The facts necessary for the consideration of this case are as follows:   The defendant, being the holder of a mortgage for $5,000 on a certain lot of land, with the buildings and improvements thereon, situated in the town of Middletown, after default made in the conditions of the mortgage, duly advertised the mortgaged property for sale at public auction November 5, 1923.   The property was duly sold to the plaintiffs for $11,125.   Plaintiffs signed the conditions of

the sale which required ten per cent of the purchase price to be paid at the time of the sale and the balance on the delivery of the deed, November 16th. The plaintiffs' paid the defendant the required deposit of $1,112.50. The conditions of the sale provided that in the event of the failure of the purchasers to pay the balance of the purchase price and take the deed at the time appointed the deposit would be forfeited and the property resold. The buildings on the mortgaged property consisted of a cottage and a garage. At the time of the sale the premises were occupied by a lessee of the mortgagor. This lessee continued in possession of the premises up to the night of the 15th of November, 1923, when the cottage was damaged by fire so as to be rendered uninhabitable. The mortgagee's deed of the premises was duly tendered to the purchasers (plaintiffs) November 16th by the attorneys for the mortgagee (defendant) but the purchasers refused to accept the deed because the fire the night before had almost completely destroyed the cottage. The cottage was insured for $5,000 against damage by fire and this sum has been paid to the defendant mortgagee by the insurance company. Three subsequent mortgagees may have a beneficial interest in the proceeds of the insurance if the plaintiffs are required to pay the amount of their bid for the property. At the time the purchasers refused to accept the mortgagee's deed they demanded the return of the deposit money. The mortgagee refused to return the money, and this action is brought to recover it.

The principal question raised by the agreed statement of (1) facts is whether the vendor or purchaser must bear the loss occasioned by the destruction of the cottage by fire? The plaintiffs contend that the loss should be borne by the vendor and the defendant claims that the loss should fall upon the purchaser. Cases from other states are cited in support of each contention. The cases agree that the loss should be borne by the owner, but they differ as to which party, the vendor or purchaser, is to be regarded as the owner. We

have no decisions upon the question and must decide it in accordance with what appears to us to be the better reason and authority.

In Massachusetts it is settled that the vendor must bear the loss in circumstances similar to the case at bar. In *Thompson* v. *Gould*, 20 Pick. 134, the court said: "The only question therefore is, whether the plaintiff or the defendant is to sustain the loss by fire. In respect to the loss of personal property, under the like circumstances, the principle of law is perfectly clear and well established by all authorities. When there is an agreement for the sale and purchase of goods and chattels, and after the agreement and before the sale is completed, the property is destroyed by casualty, the loss must be borne by vendor, the property remaining vested in him at the time of its destruction. No reason has been given, or can be given, why the same principle should not be applied to real estate. The principle in no respect depends on the nature and quality of the property and there can therefore be no distinction between personal and real estate. . . . The same principle applies to an agreement to purchase a house, as in the present case, the house being casually destroyed before the purchase is completed. Neither party being in fault, the loss must be borne by the owner of the property." The court declined to follow *Paine* v. *Meller*, 6 Ves. 349, the leading case holding the contrary view. In *Wells* v. *Calnan*, 107 Mass. 514, the court held that if the owner of a house and land agrees to sell and convey it upon the payment of a certain price which the purchaser agrees to pay, and before full payment the house is destroyed by accidental fire, so that the vendor cannot perform the agreement on his part, he cannot recover or retain any part of the purchase money. The question was again presented in the cases of *Hawkes* v. *Kehoe*, 193 Mass. 419 and *Libman* v. *Levenson*, 236 Mass. 221, with the same result, the court stating in the latter case that the question could hardly be regarded as an open one. Decisions in other states to the same effect are *Gould* v. *Murch*,

70 Me. 288; *Wilson* v. *Clark,* Adm., 60 N. H. 352; *Conlin* v. *Osborn,* 161 Cal. 659; *Huguenin* v. *Courtenay,* 21 S. C. 403; *Powell* v. *D. & S. R. R. Co.,* 12 Ore. 488; *Page* v. *Loeffler,* 146 La. 890.

We do not deem it necessary to discuss the cases holding that the loss must be borne by the purchaser. The decisions on this question are reviewed in an exhaustive note in 22 A. L. R. 575.

In this case it appears that the cottage was an essential and valuable part of the mortgaged premises. The mortgagors had the cottage insured against loss or damage by fire for at least five thousand dollars as collateral security for their mortgage note. The foreclosure notice called for the sale of the land with the buildings and improvements thereon. It cannot be doubted that the purchasers expected to receive the cottage as part of their purchase and that the mortgagee intended to deliver possession of it to them. It is obvious that both parties contemplated the continued existence of the cottage upon the land as a part of the purchased premises. It would be unreasonable to suppose the purchasers would have bid the same amount for the land without the cottage. Their offer to purchase must be taken as subject to the implied condition that it would not be binding upon them, if the cottage should be destroyed by fire without fault on their part, before the time fixed for the tender of the deed and before they had taken possession of the premises. *Hawkes* v. *Kehoe, Wells* v. *Calnan, supra.*

The purchasers agreed to pay the amount bid upon tender of a deed of the whole estate contracted for, including the buildings and improvements as well as the land. As the cottage was almost completely destroyed by fire before the day fixed for the tender of the deed, the defendant could not tender such a deed as it had impliedly agreed to make or as the plaintiffs were bound to accept.

Our decision is that the plaintiffs are entitled to recover from the defendant the money paid by them as deposit on

account of the purchase price, namely, $1,112.50, with interest thereon from the 15th day of November, 1923.

The papers in said case with our decision certified thereon are ordered sent back to the Superior Court for Newport county, with direction to enter final judgment upon the decision for plaintiffs.

*Mortimer A. Sullivan,* for plaintiffs.

*Burdick & MacLeod, Edward J. Corcoran,* for defendant.

*Sheffield & Harvey,* for subsequent mortgagees.