Adlow, J.,
In this action of contract the plaintiff seeks to recover compensation for damages under a policy of fire insurance. The policy, in Standard Form, had been issued by the defendant on May 11,1938 for a term of three years, and covered the property located at numbers 3 to 11 Oregon Street in Boston. On April 28,1939, the plaintiff gave a six month option to purchase the property for the sum of $12,-800 to the Boston Housing Authority. This option provided, in addition, that in the event that the property should be taken by the Boston Housing Authority by eminent domain, the plaintiff would accept the aforementioned purchase price as full compensation for her damage. On May 31,1939, the Boston Housing Authority took this property by eminent domain, and the taking was recorded on the same day in the Registry of Deeds for Suffolk County. Notice of said taking was sent to the plaintiff.
*211 On June 15,1939, a part of the premises so taken was destroyed by fire. It is agreed that the damage amounted to $2,034.73. On August 25, 1939, the plaintiff effected a settlement with the Boston Housing Authority of her claim for damages resulting from the taking. In this settlement the sum of $508.68 was withheld by the Authority “pending the adjustment of Fire Loss”. The plaintiff made claim, in the meantime, for loss resulting from the fire. The defendant denied liability under the policy alleging in defense that at the time of the fire the plaintiff no longer had an insurable interest in the property. The court, after hearing the evidence, found for the defendant. It is unnecessary to recite the many requests for rulings filed by the plaintiff and the court’s rulings thereon. In effect, the court ruled that after the taking of the plaintiff’s property by eminent domain, she had no insurable interest in the property which the defendant was bound to protect.
There was no error in this ruling. The law authorizing the creation of the Boston Housing Authority has been declared constitutional. Allydown Realty Corporation v. Holyoke Housing Authority, 1939 A. S. 1719. Under this law the Housing Authority may acquire property by purchase or by eminent domain. Gen. Laws (Ter. Ed.) Ch. 121 as amended by the Acts of 1938, Ch. 484, Sec. 26 R (b). The plaintiff’s property was taken by eminent domain. The effect of recording this taking in the Registry of Deeds for Suffolk County on May 31, 1939 was to divest the plaintiff of all her interest in the property and to vest in the Boston Housing Authority an absolute and complete form of ownership irrespective of previous title. Gen. Laws (Ter. Ed.) Ch. 79, Sec. 3. Emery v. Boston Terminal Co., 178 Mass. 172, 184. The plaintiff became entitled to compensation for her damage at once. Parks v. City of Boston, 15 Pick. *212 198, 208, and her damage was measured by the “value there.of before the taking”.
Gen. Laws (Ter. Ed.) Ch. 79, Seo. 12, unless she had agreed in advance with respect to the amount which would be accepted by her in full settlement of her damage claim. King v. City of Springfield, 233 Mass. 592. With absolute and complete title to the property in the Boston Housing Authority whatever loss resulted from the damage caused by the fire fell upon the Housing Authority. Wells v. Galnan, 107 Mass. 514. The fire with its attendant loss neither increased nor diminished the amount to which the plaintiff became entitled by the taking. King v. City of Springfield, 233 Mass. 592.
In the absence of such interest in the property as can be injured by fire there is no insurable interest. Wilson v. Hill, 3 Metcalf 66. Riggs v. Commercial Mutual Insurance Co., 125 N. Y. 7. The fact that the plaintiff in the settlement of her claim for damages with the Boston Housing Authority permitted it to withhold a sum of money “pending- adjustment of insurance loss” affects the situation in no manner. She was entitled to get the full amount which she had agreed to accept in her agreement of April 28, 1939.
It has been urged by the plaintiff that under the terms o£ the option agreement title remained in the plaintiff until transferred by execution and delivery of proper instruments of conveyance and that until such instruments had been delivered to the Boston Housing Authority risk of loss was upon the plaintiff. But the language of the option agreement is clear and unmistakable. The agreements to execute and deliver a warranty deed, and that risk of loss remained upon the seller until such deed should be delivered, are identified with that part of the option dealing with the purchase of the property. The following* language of *213 the agreement with respect to a taking by eminent domain will reveal the extent to which the plaintiff became obligated by this procedure:
“Notwithstanding the prior exercise of this offer, the Authority in lieu of completing the purchase of the above-described premises may at any time prior to closing proceed to acquire the same by the exercise of the power of eminent domain. The seller agrees and assents to the taking of said premises by eminent domain, agrees and represents that the sum of the purchase price herein set forth is the fair market value of said premises, exclusive of every interest therein, agrees to accept the sum of said purchase price in full satisfaction and discharge of any and all awards and any and all claims and demand for damages, costs, expenses and compensation by reason of said taking, and agrees upon the payment of said sum to execute and deliver a satisfaction, discharge and release and all other proper instrument for the conveyance of such title free and clear as aforesaid, and the accomplishment of said satisfaction, discharge and release, in form and substance satisfactory to the Authority. ’ ’
This paragraph represents the entire agreement of the parties with respect to a taking by eminent domain. Since its clear and unambiguous language says nothing about “risk of loss” remaining with the seller until final adjustment, it is unnecessary to consider the question argued by the parties, whether an insurable interest arises from a “risk of loss” contractually assumed. Nor does this paragraph provide that title remain in the plaintiff until a deed is tendered to the Boston Housing Authority. The fact that a quitclaim deed was taken by the Authority and recorded at the time of final settlement has no significance. Such a deed conveyed nothing. The taking of May 31,1939 had vested a full and complete title to the property in the Boston Housing Authority; thereafter the plaintiff had *214 nothing which she could convey. The fact that no revenue stamps were attached to the deed tendered by plaintiff and recorded by the Authority reveals that the parties regarded the matter in this light. The plaintiff’s quitclaim deed in this situation was a mere superfluity. Its sole effect was to indicate the plaintiff’s assent to a proceeding which had already been completed. Its recording in the Registry of Deeds served only to make a matter of record what had been evidenced by the releases and discharges given by the plaintiff to the Boston Housing Authority at the same time. The routine or procedure employed in the settlement of this claim for damages could not create an insurable interest in the property.
Report dismissed.