October 19, 1979.

Appeal No. 79-59. GERALD ZITO *et al. v.* ALDOR V. GLAUDE *v.* SHERWOOD CONSTRUCTION Co. This case comes before us on a motion by the third party defendant, Sherwood Construction Co. (Sherwood), to affirm judgments entered in Superior Court in its favor on defendant Glaude's complaint and also on Sherwood's counterclaim.

It appears that defendant Glaude held a mortgage on real estate owned by plaintiffs (Zitos). When plaintiffs allegedly defaulted on their payments, Glaude held a mortgage foreclosure sale on October 8, 1976. Sherwood was the high bidder at the sale and made a $1,000 deposit toward the purchase price of $6,300, the balance to be paid on November 8, 1976.

The "terms and conditions of sale" provides in part, as follows:

> "All the right, title and interest conveyed by said mortgage deed will be sold subject to the terms and conditions in the published notice of sale and those hereinafter set forth."

After the foreclosure sale, but before the balance of the purchase price was paid, the plaintiffs commenced action against Glaude to set aside the sale and filed a notice of Lis Pendens against the real estate. Because of the Lis Pendens, Sherwood refused to consummate the deal.

Glaude filed a third party complaint against Sherwood seeking that any right of Sherwood to the property be eliminated and that he be allowed to retain the $1,000 deposit paid by Sherwood. Sherwood filed an answer praying for return of its $1,000 deposit. Prior to trial the action by plaintiffs against Glaude was settled. A trial was held before a Superior Court justice, sitting without a jury, who found for Sherwood both on the third party complaint and counterclaim, and ordered judgments to enter in favor of Sherwood for $1,000.

The trial justice found that Sherwood had breached its agreement by refusing to consummate the purchase. However, because there was no resale of the property, the court found that Glaude had sustained no actual damage. The court also found that although, the "terms and conditions of sale" provided that in the event of default, the purchaser would lose its deposit, that such a clause was not a liquidated damage clause but rather a penalty clause which the court refused to validate. The trial justice entered judgment for Sherwood both on Glaude's third-party complaint and also on Sherwood's counterclaim. Glaude appealed and Sherwood moved to affirm the Superior Court judgments under our Rule 16(g).

We placed the motion on the motion calendar in order to afford defendant an opportunity to show cause why the Superior Court judgments should not be affirmed. On appeal, Glaude alleged (1) that the trial justice erred in finding that the contract clause was a "penalty clause" and, (2) that the trial justice erroneously precluded testimony tending to show bad faith or conspiracy on the part of Sherwood.

After reading the briefs and hearing oral arguments we conclude that the trial justice did not err in ruling that the clause was a penalty clause. *Psaty & Fuhrman v. Housing Authority*, 76 R.I. 87 (1909), and that in any event, because of the nature of Lis Pendens that Glaude could not convey all he intended. *See Connell v. The Savings Bank of Newport*, 47 R.I. 60 (1925). The argument that the trial justice erred in precluding evidence tending to show bad faith or conspiracy on the part of Sherwood not having been argued by defendant in the Superior Court will not be considered by us on appeal.

Consequently, the third party defendant's motion to affirm is granted, the defendant's appeal is denied and dismissed, and the judgments appealed from are affirmed. *Laurent C. Bilodeau*, for Aldor V. Glaude. *Kirshenbaum Law Offices, Sanford M. Kirshenbaum*, for third-party defendant Sherwood Construction Company.